UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| THOMAS D. LAYS HARD,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner, Social Security Administration,<br><br>    Defendant. | CIV. 14-5063-JLV<br><br>ORDER |

**INTRODUCTION**

  On March 9, 2016, the court entered an order (1) reversing the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Thomas Lays Hard's application for benefits and (2) remanding the case for further administrative proceedings. (Docket 21). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Catherine Ratliff, counsel for Mr. Lays Hard, timely moved for an award of attorney's fees and expenses. (Docket 23). Mr. Lays Hard seeks an award of $14,180.50 in attorney's fees, court costs of $400 and expenses of $850.83 in state and local sales tax. Id. at p. 1. The Commissioner does not object to an award of EAJA fees, but objects to

---

  [1]Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. Pursuant to Fed. R. Civ. P. 25(d), Ms. Berryhill is automatically substituted for Carolyn W. Colvin as the defendant in all pending social security cases. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

the amount sought in Mr. Lays Hard's motion. (Docket 25). For the reasons stated below, the court grants in part and denies in part Mr. Lays Hard's motion.

## ANALYSIS

Mr. Lays Hard requests an award of attorney's fees at the rate of $179.50 per hour. (Docket 241-1 at p. 2). The EAJA sets a limit of $125 per hour for attorney's fees. 28 U.S.C. § 2412(d)(2)(A). However, a court may award a higher hourly fee if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Id. The court finds the rate of $179.50 per hour reasonable in light of the necessary adjustment for inflation and the training and experience of Ms. Ratliff in the practice of social security law. The Commissioner does not request a reduction in the hourly rate of $179.50 for Ms. Ratliff's fees. (Docket 25 at p. 1).

The Commissioner seeks to reduce the number of Ms. Ratliff's billable hours to 40 hours. Id. The Commissioner argues that "[a]s a general rule of thumb, attorneys experienced in Social Security disability litigation are typically awarded compensation for 30 to 40 hours." Id. at p. 2. (referencing Coleman v. Astrue, No. C05-3045, 2007 WL 4438633 (N.D. Iowa Dec. 17, 2007)). The Commissioner contends "[n]othing about the facts and issues in this matter supports a deviation from that average EAJA award, and certainly not one as substantial as Plaintiff's counsel has requested." Id. at pp. 2-3. Even with a 25 percent discount already acknowledged by plaintiff, the Commissioner

2

submits "the amount [requested] is still well in excess of a reasonable time usage and fee."  Id. at p. 3.

A court has the discretion to reduce the amount of the award or deny an award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."  28 U.S.C. § 2412(d)(1)(C).  The court also must decide whether the hours spent by Ms. Ratliff representing Mr. Lays Hard were "reasonably expended."  See Blum v. Stenson, 465 U.S. 886, 901 (1984); 28 U.S.C. § 2412(d)(2)(A).  The court acknowledges the administrative record in Mr. Lays Hard's case was extensive at over 1,000 pages.  However, after reviewing Ms. Ratliff's time log (Docket 24-2) and considering the parties' arguments on this issue, the court finds certain reductions are proper.

Due to the manner in which Ms. Ratliff recorded her hours in her "Log of Attorney Time Expenses," (Docket 24-2), the court finds it most helpful to aggregate the hours into five discrete categories: time spent with the client and preparing the summons and complaint; time spent preparing the joint statement of material facts ("JSMF"); time spent preparing the joint statement of disputed material facts ("JSDMF"); preparing Mr. Lays Hard's motion and supporting memorandum to reverse the decision of the Commissioner; and time spent preparing a reply brief.

Ms. Ratliff reports spending 4.06 hours with her new client, preparing the summons and complaint and communicating with either the client or the client's

family members.  The court finds that the 2.9 hours spent communicating with family members about Mr. Lays Hard's medical condition and issuing a letter to the client were not reasonably spent in advocating his case before the court. The court finds Ms. Ratliff reasonably expended 1.16 hours in this category.

Ms. Ratliff spent approximately 38.83 hours preparing the JSMF in Mr. Lays Hard's case.  This court requires attorneys in social security cases to submit a highly detailed JSMF.  (Docket 12 at p. 2).  In Mr. Lays Hard's case, the administrative record was 1,077 pages in length, contained multiple documents involving critical laboratory test results, multiple hospitalizations and other critical information.  Particularly when analyzing Mr. Lays Hard's visual impairments and chronic kidney disease, the court relied upon the JSMF. See Docket 21 at pp. 8-16.

Ms. Ratliff's time log, however, shows a number of entries which seem to be for repetitive work in drafting the JSMF and research on collateral matters. On the other hand, it is clear the attorneys representing the Commissioner were difficult to work with to resolve formatting and content of the JSMF and insisted on moving significant amount of materials out of the JSMF and into the JSDMF. Due to the level of detail the court requires of attorneys when submitting a JSMF, the court finds Ms. Ratliff reasonably expended 29.08 hours preparing the JSMF in Mr. Lays Hard's case.  (Docket 15).

Ms. Ratliff spent approximately 10.75 hours preparing the JSDMF in Mr. Lays Hard's case.  If there are disputed facts, the parties are required to also submit a highly detailed JSDMF.  (Docket 12 at p. 2).  In this case, the Commissioner did not dispute the accuracy of the facts stated in the JSDMF, but

4

did challenge their relevancy. (Docket 21 at p. 1). The court incorporated all 88 paragraphs of the JSDMF into the order reversing the Commissioner's decision. Id. at pp. 1-2.

The Commissioner contends the plaintiff "did not cite too many of the entries in [the JSDMF], an indication that Plaintiff's attorney spent time on nonessential and non-compensable activities." (Docket 25 at p. 5). As mentioned above, the Commissioner opposed incorporating several of the facts into the JSMF, which compelled Mr. Lays Hard to include those material facts in the JSDMF. Mr. Lays Hard's brief referenced the JSDMF multiple times. See Docket 16 at pp. 21-24; 27-30. The court's order specifically relied on the JSDMF in analyzing Mr. Lays Hard's eye impairment issues. See Docket 21 at pp. 8 and 13-14. While Mr. Lays Hard could not be certain to what extent the court would consider the extensive citations to the administrative record in the JSDMF, the JSDMF were factually accurate and considered relevant by the court. The court finds Ms. Ratliff reasonably expended 10.75 hours preparing the JSDMF.

Ms. Ratliff spent approximately 41.50 hours preparing her motion and supporting memorandum to reverse the decision of the Commissioner in Mr. Lays Hard's case. The court finds 41.50 hours is excessive for preparing the initial motion and memorandum after 38.83 hours was already spent preparing the JSMF and 10.75 hours was already spent preparing the JSDMF. Using five hours to scrutinize the JSMF, the JSDMF and the

5

administrative record is redundant. The court also finds restating the JSMF and the JSDMF in a different format over 13 pages of the opening brief unnecessary. The court further finds it was not necessary for Ms. Ratliff to analyze the JSMF and the JSDMF for duplication of the record. Finally, it was not necessary for Ms. Ratliff to rewrite the step three analysis or to write and then discount another argument. The court finds 23.75 hours spent preparing her motion and supporting memorandum to reverse the decision of the Commissioner is a more appropriate amount of time given the facts of Mr. Lays Hard's case.

Ms. Ratliff spent approximately 10.5 hours preparing and filing a reply brief in response to the government's response to the motion to reverse the decision of the Commissioner. (Docket 20). The Commissioner did not expressly object to the time Ms. Ratliff spend in preparation of the reply brief. Because of the complex nature of the issues in the case, the court finds Ms. Ratliff reasonably expended the 10.5 hours preparing the reply brief.

Ms. Ratliff requests that an additional two hours be added to the EAJA motion for time expended in replying to the Commissioner's objections. The court finds the argument for full payment under the EAJA motion and the Commissioner's objections were evenly balanced. The court declines the invitation to add two additional hours to the EAJA motion in this case.

The court finds a total of 75.24 hours were reasonably expended by Ms. Ratliff and in line with the complexity of this case, for a total attorney's fee award

of $13,505.58.² The Commissioner did not object to an award of 6 percent state and local sales tax on attorney's fees, as an "expense," which in this case amounts to $810.33. No objection was made to the $400 for court filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's motion (Docket 23) is granted in part and denied in part. Plaintiff is awarded $14,315.91 comprised of $13,505.58 in attorney's fees and $810.33 in expenses representing 6 percent state and local sales tax on the attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

IT IS FURTHER ORDERED that plaintiff is entitled to $400 for court filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).³

IT IS FURTHER ORDERED that this award is without prejudice to plaintiff's right to seek attorney's fees under § 206(b) of the Social Security Act,

---

²The Commissioner's reference to Coleman as authority to reduce Ms. Ratliff's hours was disingenuous. In Coleman, the administrative record "was comparatively small, at 294 pages." Coleman, 2007 WL 4438633, at *3. The court further found the "case was not unusually complex . . . ." Id. Mr. Lays Hard's case not only contained an extensive administrative record, but involved very complex medical issues which had not been properly analyzed by the administrative law judge whose decision was not supported by the administrative record. See Docket 21.

³On October 15, 2014, the court authorized Mr. Lays Hard to proceed on an *in forma pauperis* basis. (Docket 5). The court further ordered that "[a]ny recovery in this action by Mr. Lays Hard shall be subject to the payment of costs and fees, including the $400 filing fee." Id.

42 U.S.C. § 406(b), subject to the offset provision of the Equal Access to Justice Act; however, this award shall constitute a complete release from and bar to any and all other claims plaintiff may have relating to the Equal Access to Justice Act in connection with this case.

IT IS FURTHER ORDERED that under <u>Astrue v. Ratliff</u>, 560 U.S. 586, 595-98 (2010), Equal Access to Justice Act fees awarded by the court belong to the plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2006).

IT IS FURTHER ORDERED that the Equal Access to Justice Act fees shall be paid to plaintiff Thomas D. Lays Hard but delivered to plaintiff's attorney Catherine G. Ratliff, 2006 South Dorothy Circle, Sioux Falls, South Dakota 57106.

Dated October 23, 2017.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE